**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JOSHUA K. MATTHEWS,**

                  **Petitioner,**

      v.                                                  CASE NO. 21-3171-SAC

**STATE OF KANSAS,**

                  **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On July 30, 2021, the Court issued a Notice and Order to Show Cause (NOSC) directing Petitioner to show cause why this matter should not be dismissed due to his failure to commence this action within the one-year limitation period. (Doc. 3.) Petitioner has filed his response. (Doc. 4.)

The NOSC explained that the one-year limitation period under 28 U.S.C.§ 2244(d)(1) began to run on approximately January 28, 2019, when Petitioner's time for seeking review of his direct appeal by the United States Supreme Court expired. Petitioner did not pursue further remedies in the state courts, so the limitation period ran until it expired on approximately January 28, 2020. Because Petitioner did not file his federal habeas petition until July 29, 2021, this action is not timely and is subject to dismissal unless Petitioner can establish grounds for equitable tolling or application of the actual innocence exception to the time limitation.

In his response to the NOSC, Petitioner does not address

timeliness. (Doc. 4.) Rather, he explains that he was subjected to a pretrial mental health evaluation but, despite his informing the trial judge that he intended to raise an insanity defense, the mental health evaluation was not completed. *Id.* He eventually pled guilty and would now "like a jury to consider a [doctor's] testimony on [his] mental health at the time." *Id.* Even liberally construing Petitioner's response to the NOSC, he has not asserted grounds for equitable or statutory tolling of the one-year federal habeas time limitation, nor has he asserted that he qualifies for the actual innocence exception to the time limitation.

For these reasons, the Court concludes that the present petition is time-barred under 28 U.S.C. § 2244(d) and the Court will therefore dismiss this matter as time-barred.

The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS, THEREFORE, BY THE COURT ORDERED** that this matter is dismissed as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 31st day of August, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge